SCARPATI v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. February 7, 1902.)

ACTION FOR NEGLIGENT DEATH—DAMAGES.

Where the plaintiff's intestate, in an action for negligent death, was a longshoreman and fruit vender, at the time of his death engaged in keeping a fruit and vegetable stand, in which his wife assisted him, and it did not appear that the business was discontinued at intestate's death, a verdict for $27,306 was excessive.

Appeal from trial term, New York county.

Action by Guiseppa Scarpati, as administratrix of the estate of Vingenzo Scarpati, deceased, against the Metropolitan Street Railway Company, for negligently causing the death of plaintiff's intestate. Deceased was a longshoreman and fruit vender, and at the time of his death was keeping a fruit and vegetable stand, in which business his wife was assisting him. There was no showing that this business was discontinued at intestate's death. The jury returned a verdict assessing plaintiff's damages at $27,306.12. From a judgment founded upon this verdict, defendant appeals. Conditionally affirmed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.
John C. Robinson, for respondent.

PER CURIAM. The amount of damages awarded in this case is clearly excessive. If the plaintiff will stipulate to reduce the judgment as entered to·the sum of $10,996.95, the same as so reduced, and the order denying motion for new trial, will be affirmed, without costs to either party on this appeal. Unless such stipulation be given, the judgment and order will be reversed, and a new trial ordered, with costs to the appellant to abide event.